UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TIFFANY L. HOLMES  　　　　　　　　CIVIL ACTION 17-12192

VERSUS

GENERAL DYNAMICS INFORMATION
TECHNOLOGY, INC.

　　　　　　　　　　　　　　　　　　TRIAL BY JURY

# ORIGINAL COMPLAINT OF PLAINTIFF

The original complaint of TIFFANY L. HOLMES, a person of the full age of majority, residing in Walthall County, Mississippi, to-wit:

**JURISDICTION AND VENUE**

1.

Plaintiff invokes this Court's jurisdiction pursuant to 28 USC § 1331, 28 USC § 1343(4), 28 § 1367(a), 29 §2617, 42 §1983, and 42 §12117.

2.

The alleged unlawful employment practices alleged occurred at defendant's business location and domicile in Bogalusa, Louisiana, within the Parish of Washington, which is in the Eastern District of Louisiana.

**PARTIES**

3.

Plaintiff is a citizen of the United States and a resident of Walthall County, Mississippi. Plaintiff was employed by defendant at all times relevant to the allegations set forth in this complaint.

4.

Defendant GENERAL DYNAMICS INFORMATION TECHNOLOGY, INC. ("GENERAL DYNAMICS") is domiciled in East Baton Rouge and Washington Parishes, within the State of Louisiana. Defendant employs more than one hundred employees. Defendant is a contractor of the United States government, providing certain services under a written contract, among them, the operation of a telephonic information "call center" at or near Bogalusa, Louisiana.

## ALLEGATIONS OF FACT

5.

Plaintiff became employed by defendant on or about September 6, 2016.

6.

Plaintiff was assigned by her employer, the defendant, to work at the aforementioned telephonic "call center."

7.

During plaintiff's employment with defendant, plaintiff's mental and physical health required medical and psychiatric attention.

8.

In May 2016, plaintiff presented her employer with notes and records from one or more physicians, stating that the plaintiff was medically unable to work because of her psychiatric infirmities, specifically, depression and anxiety.

9.

Plaintiff explained the fact of her need for medical and psychiatric treatment and also asked her employer about filing for short term disability benefits. The answer given by the employer led the plaintiff to believe that she would be allowed to apply for those benefits.

10.

Because of the aforesaid depression and anxiety which had been medically diagnosed and documented, the plaintiff was unable to work for the employer after her last day worked, which was on or about May 24, 2016. The plaintiff called her employer on the telephone to advise that because of the medically diagnosed depression and anxiety, she would not be able to come to work and work any shifts.

11.

In a letter dated June 6, 2016, the employer notified plaintiff that her employment had been terminated on account of "unsatisfactory attendance."

12.

Subsequently, the plaintiff applied to the State of Louisiana for unemployment compensation, the result being a finding that plaintiff had been discharged from employment by her employer because of alleged absenteeism, but that the plaintiff had given proper notice to her employer and had a valid excuse for being absent from work. It was further found that the plaintiff had not engaged in any misconduct related to her employment.

13.

Plaintiff remains under medical and psychiatric treatment for her depression and anxiety and remains disabled from work because of those problems.

14.

The plaintiff has sustained and continues to sustain a loss of wages, earnings and income related to the wrongful termination of her employment by GENERAL DYNAMICS.

### FIRST CAUSE OF ACTION
### FMLA VIOLATION

15.

At all times during plaintiff's employment, defendant was subject to the Family & Medical Leave Act, 29 USC 2611.  ("FMLA").

16.

Plaintiff was in the category of persons protected by the FMLA because plaintiff was employed for more than twelve months by the defendant at the time the cause of action arose.

17.

The defendant violated the FMLA in on or more of the following ways:

1. Failure to notify employee of FMLA rights. (29 CFR 825.300-.301)

2. Failure to notify employee that leave counted towards 12-week FMLA entitlement. (29 CFR 825.208(b)(1) -(b)(2)

3. Failure to grant FMLA leave because of a misunderstanding of what qualifies as a "serious health condition". (29 CFR 825.114)

4. Failure to request medical certification in writing and not giving employee at least 15 days to obtain medical certification. (29 CFR 825.305)

5. Failure to handle questions about the validity of a medical certification by guidelines set forth in FMLA regulations. (29 CFR 825.307)

18.

Defendant's violation of the FMLA has caused the plaintiff damage.

19.

Plaintiff's damages are loss of earnings past, present and future, loss of benefits past, present and future.

20.

Defendant willfully violated the FMLA and is therefore liable for the statutory penalty.

## SECOND CAUSE OF ACTION
## ADA VIOLATION

21.

Plaintiff filed a charge of employment discrimination against the defendant with the District Office of the Equal Employment Opportunity Commission. Plaintiff has received a notice of right to sue from the district office entitling plaintiff to institute this civil action with respect to the charge within ninety (90) days from the date of receipt of the notice of right to sue.

22.

Defendant violated the Americans with Disabilities Act of 1990, 42 USC § 12101 et seq because the plaintiff was in the protected group, was qualified to do, and was doing the work in a satisfactory manner, and was subjected to adverse employment action taken by defendant.

23.

Defendant's adverse employment action against plaintiff was motivated by the following illegal acts:

a) the defendant limited, segregated, or classified the plaintiff in a way that adversely affected the plaintiff's opportunities or status because of the disability of the plaintiff;

b) the defendant utilized standards, criteria, or methods of administration that have the effect of discrimination based on disability, or that perpetuate the discrimination of others who are subject to common administrative control;

c) the defendant failed to make a reasonable accommodation to the plaintiff's known physical or mental limitations.

## PRAYER FOR RELIEF

WHEREFORE plaintiff prays that this court:

(1) Declare that the employment practices complained of are unlawful;

(2) Permanently enjoin the defendant, its agents, officers, and employees from engaging in all practices found by this court to be in violation of the law;

(3) That the court award:
 (a) backpay from date of termination to one year following date of termination;
 (b) past, present and future general damages, and all other relief available pursuant to the law;

(4) Order the defendant to make the plaintiff whole by paying such monetary and non-monetary benefits in amounts to be proved at trial;

(5) Retain jurisdiction over this action to insure full compliance with the Court's orders, and require the defendant to file such reports as the Court deems necessary to insure compliance;

(6) Order the defendant to pay plaintiff's costs and expenses and reasonable attorneys' fees as provided by law;

(7)     Award pre-judgment interest as provided by law;

(8)     Grant such other and further relief to the plaintiff as the Court deems just and proper;

(9)     Grant a trial by jury.

**Respectfully submitted:**

**Clayton Law Firm, LLC**

**/s/  Ben E. Clayton**
_____
**By: Ben E. Clayton, LSBA No. 17512**
**Attorney for the plaintiff,**
**TIFFANY  L.  HOLMES**
**411  Sabine Street**
**Bogalusa, Louisiana  70427**
**(985) 863-3065 voice**
**(985) 863-7707 facsimile**
benclayt@bellsouth.net