# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TIFFANY L. HOLMES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-12192** |
| **GENERAL DYNAMICS INFORMATION TECHNOLOGY, INC.** | **SECTION "S"(1)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Defendant's Motion to Strike Plaintiff's First Supplemental Restated and Amended Complaint (Doc. #17) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Judgment on the Pleadings (Doc. #12) is **DENIED**.

## BACKGROUND

This matter is before the court on defendant's Motion to Strike Plaintiff's First Supplemental Restated and Amended Complaint and defendant's Motion for Judgment on the Pleadings.

On November 10, 2017, plaintiff, Tiffany L. Holmes, filed this suit against her former employer, defendant General Dynamics Information Technology, Inc., alleging that General Dynamics violated the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2611, *et. seq.*, and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et. seq.* Holmes alleges that she began working at General Dynamics' telephonic call center in Bogalusa, Louisiana on September 6, 2016, and that during her employment, her mental and physical health required medical and psychiatric attention. Holmes alleges that in May 2017,[1] she gave General Dynamics

---

[1] Holmes alleges in the Complaint she notified General Dynamics of her medical situation in May 2016, but that her first day of work was September 6, 2016. This sequences is logically impossible. Therefore, it is evident that May

notes from her medical providers stating that she was unable to work because of her psychiatric conditions, and inquired about applying for short-term disability benefits. Holmes' last day of work was May 24, 2017. On June 6, 2017, General Dynamics notified Holmes that her employment was terminated due to "unsatisfactory attendance." Holmes alleges that she remains unable to work due to her psychiatric conditions. Holmes claims that General Dynamics violated the FMLA by not applying it to her situation, and that General Dynamics violated the ADA by failing to make a reasonable accommodation for her physical or mental limitations.

On December 22, 2017, General Dynamics filed an Answer and a Motion for Judgment on the Pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. In its Rule 12(c) motion, General Dynamics argues that Holmes did not properly allege a FMLA claim because she failed to plead essential elements of the claim that she worked 1,250 hours at General Dynamics in the preceding 12 calendar months, and that she was employed at a location with 50 or more employees within 75 miles. In support of its contention, General Dynamics filed the affidavit of Jamie Hill, General Dynamics' Director of Benefits, in which Hill declares that Holmes worked 1,113.80 hours in the 12 months preceding May 24, 2017. General Dynamics argues that it would be futile to allow Holmes to amend her complaint to state that she met the requisite hours to claim FMLA coverage. General Dynamics also argues that Holmes failed to state an ADA claim because she alleges that she is unable to work, and the ADA requires that a qualified individual with a disability be able to work with a reasonable accommodation.

On January 9, 2018, Holmes filed an opposition to General Dynamics' Motion for Judgment on the Pleadings and an Amended Complaint. Holmes argues that her Amended Complaint cures the pleading deficiencies on which General Dynamics' Motion for Judgment on

---

2016, was a typographical error, and Holmes meant to allege that she notified General Dynamics of her medical situation in May 2017.

the Pleadings is based. Holmes argues that in the Amended Complaint she properly pleaded a FMLA claim by alleging that she was employed by General Dynamics for at least 1,250 hours of service in the immediately preceding 12-month period and that General Dynamics had had 50 or more employees within 75 miles of her worksite. Holmes also argues that she properly pleaded an ADA claim in the Amended Complaint by alleging that she was qualified to do the work, and that she would have been able to continue to perform the essential functions of her job with medical treatment and a reasonable accommodation had she not been fired. Holmes argues that her Amended Complaint renders moot General Dynamics' Motion for Judgment on the Pleadings and that the court must take all allegations in her Amended Complaint as true without reference to Hill's affidavit.

General Dynamics filed a Motion to Strike Holmes' Amended Complaint arguing that it was improperly filed because Holmes did not have General Dynamics' consent or leave of court to file the Amended Complaint. General Dynamics argues that once the Amended Complaint is stricken, its Motion for Judgment on the Pleadings should be granted due to the deficiencies in the original Complaint. Alternative, General Dynamics argues that if the Amended Complaint is not stricken, this court should treat its Motion for Judgment on the Pleadings as a motion for summary judgment and consider matters outside of the pleadings. General Dynamics argues that Hill's affidavit proves that Holmes cannot maintain a FMLA claim. General Dynamics also argues that Holmes' Equal Employment Opportunity Commission Charge of Discrimination ("EEOC Charge") proves that Holmes cannot prevail on her ADA claim because she states in it that she was offered an accommodation but did not return to work. General Dynamics argues that this is proof that it did not violate the ADA.

Holmes argues that her Amended Complaint should not be stricken because she filed it as a matter of right under Rule 15(a) of the Federal Rules of Civil Procedure. Holmes contends that under Rule 15(a) she was not required to obtain General Dynamics' consent or leave of court to file her Amended Complaint. Thus, it was properly filed and should not be stricken.

## ANALYSIS

**I.  General Dynamics' Motion to Strike Holmes' Amended Complaint (Doc. #17)**

General Dynamics argues that Holmes' Amended Complaint should be stricken because Holmes did not have its consent or leave of court to file the Amended Complaint.

Rule 15(a) of the Federal Rules of Civil Procedure dictates when a party may file an amended or supplemental pleading:

> **(a) Amendments Before Trial.**
>
> **(1)** *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:
>
> **(A)** 21 days after serving it, or
>
> **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> **(2)** *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15.

General Dynamics filed its Answer, the required responsive pleading to Holmes' Complaint, on December 22, 2017. At the same time, General Dynamics filed its Rule 12(c) Motion for Judgment on the pleadings. General Dynamics argues that by filing the Rule 12(c)

motion, it "closed the pleadings" and foreclosed Holmes' ability to amend her complaint as a matter of course under Rule 15(a)(1)(B). General Dynamics contends that Rule 15(a)(1)(B) permits amendment of the complaint as a matter of course only if an answer *or* a motion under Rule 12(b), (e), or (f) is filed. According to General Dynamics, because Rule 15(a)(1)(B) does not mention Rule 12(c), if a defendant files an answer *and* a Rule 12(c) motion, Rule 15(a)(1)(B) does not apply and the plaintiff must comply with Rule 15(a)(2) and obtain the opposing party's consent or leave of court in order to amend the complaint.

Under its plain language, Rule 15(a)(1)(B) permits a plaintiff to file an amended complaint within 21 days of the defendant's filing its answer *or* motions that are filed before the answer, namely motions under Rule 12(b), (e), or (f). Rule 12(b) enumerates seven defenses that can be asserted by motion and specifies that "[a] motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed." Rule 12(e) permits a party to move "for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response[,]" and such a "motion must be made before filing a responsive pleading . . .". Similarly, Rule 12(f)(2) states that, before responding to a pleading to which a response is allowed, a party may move to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Thus, Rule 15(a)(1)(B) purposefully refers to the answer and motions that are filed before the answer. The language "whichever is earlier" qualifies that a plaintiff cannot file an amended complaint as a matter of course under Rule 15(a)(1)(B) within 21 days of the defendant's filing an answer if the defendant previously filed a motion under Rule 12(b), 12(e), or 12(f).

A motion under Rule 12(c) for judgment on the pleadings may be filed by either party after the pleadings are closed, but early enough not to delay trial. A Rule 12(c) motion is filed after the

answer, but there is nothing in the Federal Rules of Civil Procedure that prohibits the plaintiff from filing an amended complaint after the defendant files a Rule 12(c) motion. Moreover, there is nothing in Rule 15 that prohibits a plaintiff from filing an amended complaint as a matter of course under Rule 15(a)(1)(B) if the defendant happens to file a Rule 12(c) motion along with its answer.

Thus, under Rule 15(a)(1)(B), Holmes had 21 days from December 22, 2017, the date on which General Dynamics filed its Answer, to file an amended complaint without leave of court or opposing counsel's consent. Holmes filed her Amended Complaint on January 9, 2018, within the 21 day period set forth in Rule 15(a)(1)(B). Therefore, Holmes' Amended Complaint was properly filed under Rule 15(a)(1)(B), and General Dynamics' Motion to Strike is DENIED.

## II. General Dynamics' Motion for Judgment on the Pleadings (Doc. #12)

General Dynamics' Motion for Judgment on the Pleadings points out pleading deficiencies in Holmes' original Complaint. Holmes cured those deficiencies with her Amended Complaint, rendering moot General Dynamics' Motion for Judgment on the Pleadings.

General Dynamics urges the court to treat its Rule 12(c) motion as a motion for summary judgment and consider the documents that it filed which fall outside of the pleadings, namely Hill's affidavit and Holmes' EEOC Charge. Rule 12(d) of the Federal Rules of Civil Procedure provides:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12. "[I]t is within the district court's discretion whether to accept extra-pleading matter on a motion for judgment on the pleadings and treat it as one for summary judgment or to reject it and maintain the character of the motion as one under Rule 12(c)." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1371 (3d ed.).

In this case, the court declines to consider the extra-pleading matter and convert the Rule 12(c) motion to a summary judgment motion. No discovery has been conducted. Thus, Holmes does not have a reasonable opportunity to present evidence to respond to the documents filed by General Dynamics. General Dynamics' Rule 12(c) motion was rendered moot by the filing of Holmes' complaint, and thus is DENIED.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Strike Plaintiff's First Supplemental Restated and Amended Complaint (Doc. #17) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Judgment on the Pleadings (Doc. #12) is **DENIED**.

New Orleans, Louisiana, this __1st__ day of February, 2018.

**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**